IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. SETSER,** | : |
| Plaintiff | : CIVIL NO. 1:CV-07-0398 |
| v. | : (Judge Rambo) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : |
| Defendant. | : |

## **MEMORANDUM**

## I.   **Introduction**

Plaintiff James M. Setser,[1] an inmate currently confined at the Lackawanna County Prison in Scranton, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on March 1, 2007.[2] (*See* Doc. 1.) Named as defendant is the Commonwealth of Pennsylvania. Along with his complaint, Setser has also submitted an application seeking leave to proceed *in forma pauperis* and an authorization form. (Docs. 2 & 3.) The case is presently before the court for

---

[1] Named as additional plaintiffs in the caption of the form complaint filed in this court by Setser are Joel DeHammer and Daniel Gruen. However, these individuals are referenced only in Setser's statement of claim and in the criminal complaint as participants. (See Doc. 1 at 2.) In addition, the exhibits attached to the complaint are in reference only to Setser, and possible relief sought pertains only to Setser. Consequently, the court will construe the instant complaint as filed solely by Setser.

[2] Attached to the § 1983 complaint are several exhibits, one of which is a hand-written petition for writ of habeas corpus, purportedly filed in the Lackawanna County Court of Common Pleas. (*See* Doc. 1 at 9-10.) The petition is captioned, in part, as located in "Commonwealth of Pennsylvania, County of Lackawanna" and addressed to "Commonwealth of Pennsylvania." (*Id*.) There is nothing to indicate that this court should treat this attachment as a separate document intended to be a petition for writ of habeas corpus filed in this court.

preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## II.   Background

As previously stated, the instant case was initiated pursuant to 42 U.S.C. § 1983 on March 1, 2007.  In the interest of justice to this *pro se* litigant, the court will liberally construe the complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Setser alleges that the Scranton, Pennsylvania Police Department did not have probable cause to file a criminal complaint against him, and arrest and detain him for crimes relating to an alleged sexual assault committed on January 20, 2007.  (Doc. 1 at 2-3).  In his notice of motion to dismiss the criminal complaint and affidavit of probable cause, purportedly filed in the Lackawanna County Court of Common Pleas and attached to the instant complaint as an exhibit, Setser indicates that he was arraigned in that court on January 27, 2007.  (Doc. 1 at 11.)  The complaint, as filed, does not set forth any further court proceedings.

---

[3] Section 1915(e)(2) provides that:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

2

**III.    Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[4] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *E.g.*, *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694-95 (1979); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Liability may not be imposed under § 1983 on the principle of respondeat superior. *Capone v. Marinelli*, 868 F.2d 102, 106 (3d Cir. 1989).

Further, the United States Supreme Court has ruled that "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). In *Will*, the Court noted that a § 1983 suit against a state official's office

---

[4] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

was "no different from a suit against the State itself." *Id*. at 71. The Supreme Court has reiterated its position that state agencies are not subject to liability under § 1983 actions brought in federal court. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."). In the instant case, the "Commonwealth of Pennsylvania" is not a "person" subject to suit under § 1983.[5] Therefore, any claims against it will be dismissed as legally frivolous.

Furthermore, had Setser named as a defendant the Scranton Police Department, he has failed to set forth any allegations whatsoever that the Scranton Police Department undertook any act pursuant to an official municipal policy of some nature which caused the alleged constitutional tort.

Moreover, it is apparent that Setser filed the instant complaint soon after his arraignment in state court, but prior to any further state court proceedings. To the extent that Setser's complaint can be read as seeking injunctive relief in the form of bypassing state court proceedings, the United States Supreme Court has stated "time

---

[5] The court notes that a municipal body or other local government unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under § 1983. *See Monell*, 436 U.S. at 690-91. However, it has also been repeatedly held that a municipality may not be subjected to § 1983 liability on the theory of respondeat superior. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 430 (1997); *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Rather, "a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bryan County*, 520 U.S. at 403.

and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Absent extraordinary circumstances a federal court should not disrupt ongoing state criminal proceedings.  *In re Grand Jury Proceedings*, 654 F.2d 268, 279 (3d Cir. 1981); *Coruzzi v. State of N.J.*, 705 F.2d 688, 690 (3d Cir. 1983).

When faced with a *Younger* abstention question, the district court must inquire: 1) whether there is an ongoing state proceeding; 2) whether that proceeding implicates important state interests; and 3) whether the state forum offers the petitioner an adequate opportunity to raise the constitutional claim.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Coruzzi*, 705 F.2d at 690.

In this case, it appears to the court that there is an ongoing state criminal proceeding which implicates important state interests that would be disrupted if this court adjudicated any of the claims presented by Setser.  Additionally, there is nothing in the complaint to suggest that the pending state proceeding does not offer an adequate forum for Setser to raise his constitutional claims.  Setser can certainly appeal a lower court judgment, and may raise his constitutional claims in appellate proceedings.  Based upon *Younger*, *supra*, the court will not entertain Setser's claims at this time.

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve.  *See Roman v. Jeffes*, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated:    May 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMES M. SETSER,**              :
                                  :
    **Plaintiff**     :   CIVIL NO. 1:CV-07-0398
                                  :
v.                                :   (Judge Rambo)
                                  :
**COMMONWEALTH OF**               :
**PENNSYLVANIA,**                 :
                                  :
    **Defendant.**    :

## ORDER

AND NOW, this 10th day of May, 2007, for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is granted for the sole purpose of filing the complaint.

2. The complaint (Doc. 1) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court is directed to close this case.[6]

4. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

---

[6] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order (Doc. 6) issued on March 8, 2007, is binding on the Warden of Lackawanna County Prison, and the Warden of any correctional facility to which Plaintiff is transferred.